## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

DMITRY KUPERMAN,                    :
    Petitioner,                    :
                    :       CIVIL NO.: 09-cv-01358 (JCH)
v.                                 :       CRIMINAL NO.: 06-cr-0133(JCH)
                    :
UNITED STATES OF AMERICA,           :
    Respondent                     :       DECEMBER 1, 2009

### RULING RE: MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 (Doc. No. 1)

Petitioner Dmitry Kuperman, a federal prisoner, is currently serving an 84 month sentence following his plea of guilty to one count of conspiracy to commit fraud, securities fraud, and money laundering in violation of section 371 of title 18 of the United States Code, and one count of securities fraud in violation of sections 77q and 77x of title 15 of the United States Code. This court sentenced Kuperman to two, forty-two months sentences, one on each count, to run consecutively.

Kuperman has moved this court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. He alleges that his sentence was improper because the two sentences should run concurrently, rather than consecutively. See Mot. to Vacate at 5 (Doc. No. 1). Additionally, reading the Petition broadly, Kuperman alleges ineffective assistance of counsel. See id. at 3, 5, 6. For the reasons that follow, the court denies his Motion.

### I. BACKGROUND

On May 16, 2006, Kuperman waived indictment and pled guilty to two charges in an Information: Count One charged him with conspiracy to commit mail fraud,

securities fraud and money laundering, and Count Two charged him with securities fraud.  The Information emanated from allegations that Kuperman and several other individuals conspired to defraud potential investors by way of a "boiler room" scheme, in which they solicited investment funds from individuals under the guise of investing in a nonexistent company.  Over the course of three years, Kuperman and his co-conspirators defrauded investors out of over $4.8 million.

A 22-count Indictment was brought against five of Kuperman's co-conspirators, and Kuperman entered into a cooperation agreement with the government as part of his guilty plea.  Kuperman provided assistance to the government in their prosecution of his co-conspirators.  The government, in return, submitted a motion under § 5K1.1 of the Sentencing Guidelines for a downward departure from the Guidelines sentence.

On March 29, 2007, this court held a hearing to determine Kuperman's sentence.  Prior to imposing the sentence, the court performed a calculation under the Sentencing Guidelines and determined Kuperman's applicable offense level to be 33 and his criminal history category to be I.  This level and history category would ordinarily result in a sentence range of 135 to 168 months.  However, both counts that Kuperman pleaded guilty to held a statutory maximum sentence of 5 years, so Kuperman's sentence range was effectively decreased to 120 months.  <u>See</u> Sentencing Transcript ("Tr.") (Doc. No. 42), <u>United States v. Kuperman</u>, 06-cr-133(JCH), at 18:17-25.

Both at the hearing and in his sentencing memorandum, Kuperman's counsel argued for a below-Guidelines sentence.  Counsel argued that the court should show mercy because of the defendant's nature and circumstances, especially his difficult childhood and current family circumstances.  <u>See</u> Def.'s Sentencing Mem. (Doc. No.

2

29), United States v. Kuperman, 06-cr-133(JCH), at 4-11; Tr. at 33:11-34:6.  Counsel

also argued that Kuperman's cooperation was important to the government, and that its

importance should not be diminished because it was of a merely confirmatory nature,

rather than the provision of new information.  See Tr. at 25:10-26:7.  Ultimately, counsel

argued that Kuperman should receive a 60 month sentence.  See Tr. at 34:7-9.

The court granted the government's § 5K1.1 motion for a downward departure.

See Tr. at 24:23-25:2.  After considering all of the factors listed in 18 U.S.C. 3553(a), as

well as those listed in § 5K1.1 with regard to Kuperman's cooperation, this court

sentenced Kuperman to 84 months imprisonment – 42 months on each count, to be

served consecutively – to be followed by two years of supervised release.

Kuperman appealed his sentence on April 3, 2007.  See Notice of Appeal (Doc.

No. 37), United States v. Kuperman, 06-cr-133(JCH).  On August 29, 2008, the Second

Circuit affirmed the judgment of this court by summary order, holding that, "We detect

neither procedural unreasonableness in the way the district court arrived at Kuperman's

sentence, nor substantive unreasonableness in the length of the sentence."  See

Mandate (Doc. No. 43), United States v. Kuperman, 06-cr-133(JCH), at 4.  On August

27, 2009, Kuperman filed this motion to Vacate, Set Aside, or Correct his sentence

pursuant to 28 U.S.C. § 2255.[1]

---

[1] In his Motion, Kuperman states that his Motion is untimely and requests the court forgive his
lateness and review his Motion on its merits in the interest of fairness. See Mot. to Vacate at 13.
However, Kuperman's Motion is not untimely.  Under section 2255(f)(1) of title 28 of the United States
Code, Kuperman's petition must have been filed within one year from the date on which his judgment of
conviction became final.  See 28 U.S.C. § 2255(f)(1).  An appealed or affirmed judgment becomes final
when the Supreme Court has either affirmed the conviction or denied the writ for certiorari, or when the
time for filing a certiorari petition expires.  See Clay v. United States, 537 U.S. 522, 527 (2003).  The
petitioner had 90 days after the Second Circuit's decision to submit a petition for a writ of certiorari.  See
SUP. CT. R. 13.1.  Thus, Kuperman's judgment of conviction became final 90 days after August 29, 2008,
and his Motion to Vacate was filed well within a year of that date.  Therefore, his Motion is timely.

3

## II.    STANDARD OF REVIEW

"Because requests for habeas corpus relief are in tension with society's strong interest in the finality of criminal convictions, the courts have established rules that make it more difficult for a defendant to upset a conviction by collateral, as opposed to direct, attack." Ciak v. U.S., 59 F.3d 296, 301 (2d Cir. 1995) (internal citation omitted). "As a general rule, relief is available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." Napoli v. U.S., 32 F.3d 31, 35 (2d Cir. 1994) (internal citations and quotation marks omitted).  Because Kuperman is proceeding *pro se*, the court must read his "submissions broadly so as to determine whether they raise any colorable legal claims." Parisi v. U.S., 529 F.3d 134, 139 (2d Cir. 2008) (citing Weixel v. Bd. of Educ., 287 F.3d 138, 145-46 (2d Cir. 2002)).

## III.   DISCUSSION

### A.    Procedural Default

Generally, a petitioner may not present a claim on habeas if he did not properly raise it on direct review. See Reed v. Farley, 512 U.S. 339, 354 (1994).  Kuperman did not bring the claim that his sentences should run concurrently on direct appeal.  Thus, he is barred from raising the claim that the court erred in imposing consecutive sentences.  However, he is not completely procedurally defaulted on the issue because the court, reading his Petition broadly, determines that he has made a claim of ineffective assistance of counsel with regard to the consecutive imposition of sentence. See infra at 5.  The Supreme Court has determined that "failure to raise an

ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." Massaro v. U.S., 538 U.S. 500, 509 (2003). In fact, section 2255 is the preferred method for bringing a claim of ineffective assistance of counsel because it is "the forum best suited to developing the facts necessary to determining the adequacy of representation . . . ." Id. at 505. Therefore, Kuperman is not procedurally defaulted from bringing this Petition.

      B.    Ineffective Assistance of Counsel

Although Kuperman does not expressly claim ineffective assistance of counsel, his Petition makes repeated reference to his concerns about his attorney's representation.[2] Because this is a *pro se* motion, the court must read Kuperman's Petition "broadly." See Parisi, 529 F.3d at 139. In light of the fact that Kuperman's Petition would be procedurally defaulted without a claim of ineffectiveness of counsel, see supra at 4, the court will proceed as though Kuperman had raised this issue in his Petition.

To prevail on a claim for ineffective assistance of counsel, Kuperman must satisfy the two-part test set out by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland, Kuperman must show that his counsel's representation "fell below an objective standard of reasonableness." See id. at 688. He must also show that counsel's deficient performance caused prejudice to the

---

    [2] Kuperman's Petition states: "I'm not sure what grounds my attorney . . . raised [on appeal]. I never received any paperwork from him about the appeal, however it was not for the issue I want to dispute . . . ." See Mot. to Vacate at 3. When answering why he had not raised the issues he addresses in the current Motion on direct appeal, Kuperman writes: "My attorney raised other issues. While I took his advi[c]e at the time, I did so reluctantly." See id. at 5. Finally, Kuperman writes, regarding the direct appeal: "My attorney had everything under control according to him, but apparently that was not the case." See id. at 6.

petitioner.  See id. at 692.  The Strickland standard is a rigorous one.  If the petitioner fails to satisfy one prong, the court need not consider the other.  See id. at 697.

       1.    Prejudice

To establish prejudice, Kuperman "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  See Strickland, 466 U.S. at 694.  Reading Kuperman's Petition broadly, he appears to be arguing that his counsel should have raised on direct appeal the issue of his consecutive sentences.  Kuperman could not have been prejudiced by his counsel's decision not to raise this issue on appeal, because his proposed argument about consecutive sentences would have been rejected.  This court acted properly when imposing consecutive sentences.

Where a defendant is sentenced on multiple counts, the district court must consider all counts as well as the facts and circumstances of the case to "identif[y] what it deems to be the appropriate sentence for the defendant's convictions.  This sentence is referred to as the 'total punishment.'"  See United States v. Loeb, 45 F.3d 719, 723 (2d Cir. 1995).  However, before imposing the sentence, the court must calculate any statutory maximums for the offenses charged, and then it must determine whether the sentences should run consecutively or concurrently.  See id.

The Sentencing Guidelines provide the method for determining the total sentence where there is more than one count of conviction:

      If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce

a combined sentence equal to the total punishment.

See U.S.S.G. § 5G1.2(d).  The Commentary to this section states, "If no count carries an adequate statutory maximum, consecutive sentences are to be imposed to the extent necessary to achieve the total punishment.  See U.S.S.G. § 5G1.2, comment 1.

This court determined that Kuperman's total punishment was 84 months, taking into consideration Kuperman's cooperation, the government's Motion for a Downward Departure, the Guidelines sentence range of 120 months, and the other factors listed in 18 U.S.C. 3553(a).  See Tr. at 38:4-48:11.  The court determined the total punishment, Kuperman's sentence, to be 84 months.  See Tr. at 48:8-9.  Because the statutory maximum for each count was 60 months, in order to reach the total punishment of 84 months, the court properly followed the Guidelines by imposing consecutive sentences "to the extent necessary to produce a combined sentence equal to the total punishment."  See U.S.S.G. § 5G1.2(d).  Because this court followed the Guidelines when imposing consecutive sentences, Kuperman cannot show that, if his counsel had raised this issue on appeal, there is a "reasonable probability" that "the result of the proceeding would have been different."  See Strickland, 466 U.S. at 694.  In fact, such an argument would have been rejected.  See, e.g., United States v. Prater, 277 Fed. Appx. 119 (2d Cir. 2008) (upholding consecutive sentences imposed in accordance with U.S.S.G. § 5G1.2(d)); Loeb, 45 F.3d at 723 (same). Therefore, he was not prejudiced by counsel's actions.  Because Kuperman must satisfy both prongs of the Strickland test to demonstrate ineffectiveness of counsel, the court will not address the

performance prong.[3]  The court denies Kuperman's Motion on the grounds of ineffective assistance of counsel.

     C.   <u>Miscarriage of Justice</u>

     "Relief is available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." <u>Napoli</u>, 32 F.3d at 35.  Absent the claim for ineffectiveness of counsel previously addressed, <u>see</u> <u>supra</u> at 5-8, the court sees no constitutional error in Kuperman's claims.  Nor does Kuperman claim that this court lacked jurisdiction to sentence him.  Therefore, the only other avenue for Kuperman to collaterally attack an issue he failed to raise on direct appeal is to argue that this court made an error of law so fundamental that it resulted in a "complete miscarriage of justice."  <u>See</u> <u>Johnson v. United States</u>, 313 F.3d 815, 817 (2d Cir. 2002).  As discussed above, <u>see</u> <u>supra</u> at 6-7, it was not an error of law, much less a miscarriage of justice, for this court to sentence Kuperman to consecutive, rather than concurrent sentences.  The court granted the government's Motion for a Downward Departure, and carefully considered all the factors as applied to the petitioner, and only then determined the sentence of 84 months.  Therefore, the court denies Kuperman's Motion on the grounds of a miscarriage of justice.

---

[3] The court notes, as to the performance prong, that counsel's arguments in his Sentencing Memorandum and at the hearing resulted in a sentence that was 36 months below the Guidelines sentence range, which suggests that his representation can hardly be called "below an objective standard of reasonableness." <u>See</u> <u>Strickland</u>, 466 U.S. at 688.  In fact, the Second Circuit has held, "A defense attorney does not render objectively unreasonable representation when he advises his client to act in a way that secures a reduced sentence." <u>United States v. Kurti</u>, 427 F.3d 159, 163 (2d Cir. 2005) (quoting <u>United States v. Gaskin</u>, 364 F.3d 438, 470 (2d Cir. 2004).  In light of the extreme deference that reviewing courts must give defense counsel when evaluating ineffective assistance claims, <u>see</u> <u>Strickland</u>, 466 U.S. at 689, this court does not believe Kuperman could satisfy the performance prong.

**IV.    CONCLUSION**

For the foregoing reasons, the court **DENIES** the petitioner's Motion to Vacate, Set Aside or Correct Sentence (Doc. No. 1).  Because the petitioner has failed to make a substantial showing of the denial of a constitutional right, any appeal from this Order would not be taken in good faith and a certificate of appealability shall not issue.  The Clerk is directed to close the case.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 1st day of December, 2009.

 /s/ Janet C. Hall                      
Janet C. Hall
United States District Judge